IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

JAMES LAMONT REID,
    Plaintiff,

v.                                                                                            Civil No. 3:20cv685 (DJN)

SUPERINTENDENT LEABEAU, *et al.*,
    Defendants.

**MEMORANDUM OPINION**

Plaintiff James Lamont Reid, a Virginia inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action.[1] (ECF No. 1.) By Memorandum Order entered on April 1, 2021, the Court directed Plaintiff to file a Particularized Complaint. (ECF No. 15.)[2] In the April 1, 2021 Memorandum Order, the Court warned Plaintiff that if he failed to submit an appropriate Particularized Complaint that comported with the joinder requirements as set forth in the April 1, 2021 Memorandum Order, the Court would dismiss all defendants not properly joined with the first named defendant. (*Id.* at 1–2.) On May 3, 2021, Plaintiff filed a Particularized Complaint. (ECF No. 18.) The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2)

---

[1]    The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2]    The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and capitalization in the quotations from Plaintiff's submissions.

and 1915A, Federal Rule of Civil Procedure 20(a),[3] and Plaintiff's lack of compliance with the Court's April 1, 2021 Memorandum Order.

## I. PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines that the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A (mandating dismissal if the Court finds either grounds present). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard borrows the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a court takes the plaintiff's well-pleaded allegations as true and views the complaint in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). This principle

---

[3] Federal Rule of Civil Procedure 20(a) provides:

> **(2) Defendants.** Persons . . . may be joined in one action as defendants if:
> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> **(B)** any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' that serves to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (citation omitted). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). For a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring) (stating that the law does not require "district courts to assume the role of advocate for the *pro se* plaintiff"); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278

(4th Cir. 1985) (affording liberal construction "does not require those courts to conjure up questions never squarely presented to them").

## II. JOINDER

The Federal Rules of Civil Procedure place limits on a plaintiff's ability to join multiple defendants in a single pleading. *See* Fed. R. Civ. P. 20(a) (stating the types of persons that may be properly joined). "The 'transaction or occurrence test' of [Rule 20] . . . 'permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.'" *Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983) (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)). "But, Rule 20 does not authorize a plaintiff to add claims 'against different parties [that] present[ ] entirely different factual and legal issues.'" *Sykes v. Bayer Pharm. Corp.*, 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (alterations in original) (quoting *Lovelace v. Lee*, 2007 WL 3069660, at *1 (W.D. Va. Oct. 21, 2007)). "And, a court may 'deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of [promoting convenience and expediting the resolution of disputes], but will result in prejudice, expense, or delay.'" *Id.* (quoting *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007)).

In addressing joinder, the Court bears in mind that "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). This impulse, however, does not provide a plaintiff free license to join multiple defendants into a single lawsuit where the claims against the defendants are unrelated. *See, e.g.*, *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits."); *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) (affirming dismissal of mis-joined parties). Thus, "[a] buckshot complaint that would be rejected

4

if filed by a free person — say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions — should be rejected if filed by a prisoner." *George*, 507 F.3d at 607.

"The Court's obligations under the PLRA include review for compliance with Rule 20(a)." *Coles v. McNeely*, 2011 WL 3703117, at *3 (E.D. Va. Aug 23, 2011) (citing *George*, 507 F.3d at 607).

> Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that these complaints have produced but also to ensure that prisoners pay the required filing fees.

*Id.* (citing 28 U.S.C. § 1915(g); *Showalter v. Johnson*, 2009 WL 1321694, at *4 (W.D. Va. May 12, 2009)).

### III. DISMISSAL OF IMPROPERLY JOINED CLAIMS

In his Particularized Complaint, Plaintiff names twenty-four individuals as defendants. Plaintiff made no effort to comply with the joinder requirements. Instead, Plaintiff has submitted the sort of "mishmash of a complaint" that the rules governing joinder aim to prevent. *Jackson v. Olsen*, 2010 WL 724023, at *7 (E.D. Va. Mar. 1, 2010) (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). For example, Plaintiff contends that Defendant Mayes used excessive force against his person (ECF No. 18, at 9, 48); Defendant Leabough violated Plaintiff's rights by denying Plaintiff visitation privileges (*id.* at 29); Defendant Bush destroyed Plaintiff's mail (*id.* at 38); Defendants Strubel and Montijo embezzled Plaintiff's money (*id.* at 42); and Defendant Reed violated Plaintiff's rights by denying him his religiously required diet (*id.* at 43–44). Accordingly, the Court will now proceed with the analysis outlined in the April 1, 2021 Memorandum Order, dropping all defendants not properly joined with the first named defendant

in the body of the Particularized Complaint.[4] The first named defendant in the body of the Particularized Complaint is Defendant Mayes. (ECF No. 18, at 9.) Plaintiff has only properly joined the claims against Defendants Spratley and Jones with his claim against Defendant Mayes. (*Id.* at 40–41.) Plaintiff contends that Defendants Spratley and Jones violated his rights "[b]y failing to investigate the incident between Defendant Mayes and Plaintiff Reid." (*Id.* at 40.) However, Plaintiff has not properly joined his claims against any of the other defendants with his claims against Defendant Mayes, as those claims do not relate to his claims against Defendant Mayes. Accordingly, all claims against the remaining defendants will be DISMISSED WITHOUT PREJUDICE. The action will proceed only on the claims against Defendants Mayes, Spratley, and Jones.

Let the Clerk file a copy of this Memorandum Opinion electronically and send a copy to Plaintiff.

An appropriate Order shall issue.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: November 8, 2021

---

[4] "Such a procedure fosters the objectives of the Rules of Civil Procedure[ ] of expediting the resolution of disputes, without further squandering scarce judicial resources on 'disputes that are not structurally prepared to use those resources efficiently.'" *Jackson*, 2010 WL 724023, at *8 n.10 (quoting *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279–80 (11th Cir. 2006)).